IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
AUG - 8 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JUDEA CASTEL, *et al.*,

  **Plaintiff,**

v.            CIVIL ACTION NO. 2:07cv435

ADVANTIS REAL ESTATE
SERVICES COMPANY,

  **Defendant.**

## *MEMORANDUM OPINION & ORDER*

This matter is before the Court on Plaintiffs' Judea Castel, Nadine Wassman, Kimberly Dickerson, Laura Graham, Christine Lombardini, Alesha Rourke-Morgan, and Laura St. Laurent ("Plaintiffs"), Petition for Attorney's Fees & Costs pursuant to Fair Labor Standards Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-19 and the Court's May 7, 2008 Agreed Order of Dismissal. For the reasons below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. FACTUAL AND PROCEDURAL HISTORY

The instant case arises out of a claim for overtime compensation that Plaintiffs allege is due under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Defendant is a commercial real estate services company incorporated in Florida that specializes in brokerage, property management, and general contracting for construction. (Def.'s Br. in Opp. To Pl.'s Mot. for Par. Summ. J., 1; Answer, ¶ 17.) Plaintiffs are seven former employees of Defendant who worked as Property Accountants in the Norfolk office. Plaintiffs allege

Defendant misclassified certain non-exempt hourly Plaintiffs as exempt employees for overtime purposes under the FLSA pursuant to 29 U.S.C. § 213(a)(1) and failed to pay Plaintiffs overtime wages due to them when they were employed as salaried employees by Defendant. (Compl. ¶¶ 2,3.) Plaintiffs also assert that they are entitled to damages in *quantum meruit* as a result of the benefits of their labor conferred on Defendant. (Compl. ¶ 4.)

Plaintiffs filed the original Complaint on September 26, 2007, and the Amended Complaint on October 5, 2007. On October 24, 2007, Defendant filed its Answer to the Complaint. On February 14, 2008, Defendant served upon Plaintiffs Offers of Judgment, pursuant to Federal Rule of Civil Procedure Rule 68, offering each individual a sum that was intended to cover both unpaid overtime as well as attorney's fees, costs, expert fees, prejudgment interest, and any other claim or expense. On February 22, 2008, Plaintiffs filed a Motion for Partial Summary Judgment and subsequently filed their Memorandum in Support of their Motion for Partial Summary Judgment on February 25, 2008. On March 7, 2008, Defendant filed a Motion for Summary Judgment and Brief in Support of Summary Judgment. On March 19, 2008, Plaintiffs filed a Response in Opposition to Defendant's Motion for Summary Judgment. Before the Court issued a ruling on these summary judgment motions, the parties settled the matter.

On May 7, 2008, the parties submitted an Agreed Order of dismissal in part, that all claims made by all Plaintiffs in this action are dismissed with prejudice as settled, with the sole exception of any claim for an award of attorney's fees and costs. Solely for purposes of any petition for an award of attorney's fees and costs, the parties stipulated that Plaintiffs shall be deemed to be prevailing parties in this litigation and as such are entitled to file a petition for an award of attorney's fees and costs. On May 20, 2008, Plaintiffs filed a Motion for Attorney Fees

and Memorandum in Support. On May 30, 2008, Defendant filed a Motion to Compel Fee Agreement. On June 2, 2008, Defendant filed a Memorandum in Opposition to the Motion for Attorney Fees and Motion to Seal an Attachment to and Portions of Defendant's Opposition to Plaintiffs' Petition for Fees and Costs. On June 6, Plaintiffs filed a Response in Support of their Motion for Attorney Fees. On June 13, 2008, Plaintiffs filed a Memorandum in Opposition to Defendant's Motion to Compel Fee Agreement. On July 10, 2008, the Court conducted a hearing on the Motion for Attorneys Fees.

## II. LEGAL STANDARD

District courts have the discretion to award reasonable attorneys' fees and costs to a prevailing party in a Title VII case. *See* 42 U.S.C. § 2000e-5(k) (2000). A proper fee award is determined by calculating a "lodestar fee." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). The lodestar fee is calculated by multiplying the number of reasonable hours expended by a reasonable rate. *Id.* The United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit") has held that the *Johnson* factors are to be applied in determining the reasonable hours and rate. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). In addition, "the district court also should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoting S. Rep. No. 94-1011, at 6 (1976)). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980), *quoted in Hensley*, 461 U.S. at 434. Moreover, the Fourth Circuit has held that a fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall. *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

Plaintiffs' counsel, Employment Law Group, P.C. ("ELG"), requests that it be awarded a sum of $168,553.71 in attorneys' fees and costs. They request $161,439.00 in attorney's fees and $7,114.71 in costs. Attorneys' fees were calculated using the following rates: attorney time for R. Scott Oswald at a rate of $350.00 per hour; attorney time for Nicholas W. Woodfield at a rate of $350.00 per hour; associate time at a rate of $205.00 per hour, and legal assistant time at a rate of $120.00 per hour. (Declaration of Nicholas W. Woodfield "Woodfield Decl.", at 4, ¶ 16.) Defendant urges the Court to reject the petition for attorney's fees because the demand conflicts with Plaintiffs' potential and actual recovery and because it: (1) demonstrates an utter lack of billing judgment, (2) seeks rates substantially in excess of what is appropriate in this market, and (3) ignores virtually all cost recovery procedure and law. Defendant also asserts that ELG has exercised no real billing judgment. (Def's Opp. to Pl.'s Pet. for Atty's Fees, 5-6.) Defendant claims ELG's requested hourly rates are excessive for this market and that it has not satisfied its burden by failing to provide any evidentiary support. Should the Court undertake a lodestar

4

analysis, Defendant suggests that a reasonable rate to compensate Messrs. Oswald and Woodfield would not exceed $275.00 per hour and would more appropriately be $250.00 per hour. Defendant also suggests that a rate of $85.00 per hour is more appropriate for ELG's paralegal, Ms. Downing, and a private investigator (rather than the hourly rate suggested by ELG).

### A. Time and Labor/Novelty and Difficulty of Questions

Proceeding to the *Johnson* analysis, the first two factors to be considered involve the time and labor expended and the novelty and difficulty of the issues. *Daly*, 790 F.2d at 1075 n.2. The Supreme Court has held that the "novelty and complexity of the issues" are generally reflected in the number of recorded billable hours. *Blum v. Stenson*, 465 U.S. 886, 898 (1984). ELG recorded billing entries on a daily basis and identified the amount of time expended, the tasks performed, and the costs incurred. (Woodfield Decl., at 4, ¶ 11-12.) The billing statements have also been reviewed by Nicholas Woodfield, a principal of ELG, who has concluded that they are an accurate record of the fees and costs associated with the prosecution of Plaintiffs' claims. ELG reduced its normal hourly rates and cut excessive or unnecessary work performed as well as other billable time in the appropriate circumstances. (Woodfield Decl., at 6, ¶20; at 5, ¶16.) The total amount of hours expended in the prosecution of Plaintiffs' claims is 740.4 hours. The Court finds that ELG contributed a considerable amount of time and labor in this case.

The Court also finds that the issues were moderately difficult to research and argue. The issues in this case involved Plaintiffs' claims of misclassification under the FLSA while employed with Defendant with property accountants. ELG engaged in significant discovery in order to determine the qualifications Defendant required when hiring a property accountant, the

duties completed by clients during their employment, and the amount of overtime worked. (Woodfield Decl., at 8, ¶ 28.) Because Defendant did not record the hours worked by the employees in this case, ELG thoroughly analyzed Defendant's FLSA classifications and examined voluminous daily parking and attendance records to determine the amount of overtime compensation due. (Woodfield Decl., at 8, ¶ 28.)

**B. Skill Requisite/Customary Fee/Fixed & Contingent Fee/Experience, Reputation, and Ability**

The third, fifth, sixth, and ninth *Johnson* factors concern the reasonable rate. These factors include the skill required, the customary fee, whether the fee is fixed or contingent, and the experience, reputation, and ability of the attorneys. *Daly*, 790 F.2d at 1075 n.2. The Supreme Court has held that in general any required special skill or experience is "reflected in the reasonableness of the hourly rates." *Blum*, 465 U.S. at 898. The reasonable rate is "to be calculated according to the prevailing market rates in the relevant community." *Id.* at 895.

ELG agreed to accept the employees' claims on an hourly basis. (Woodfield Decl., at 7, ¶ 24.) ELG states that the services and fees involved in the instant case were necessary and performed at a reasonable expense. ELG also states that its zealous advocacy included attending a settlement conference, issuing multiple discovery requests, moving for partial summary judgment, and responding to Defendant's cross-motion for summary judgment. In addition, ELG audited and reviewed the invoices generated in this matter and remain convinced that the fees requested in this motion were reasonably necessary in the preparation and prosecution of Plaintiffs' claims. Defendant argues that to the extent that this Court decides to award any fees, such fees and costs should be drastically reduced to comport with both the limited amount in

controversy and limited results, as well as the lack of billing judgment and excessive rates and costs.

ELG has provided exhibits of the attorneys' and legal assistants' hourly rates and declarations stating that these rates are reasonable and consistent with the rates of other attorneys with comparable knowledge, competency, and experience. Attorneys' fees were calculated using the following rates: attorney time for R. Scott Oswald at a rate of $350.00 per hour; attorney time for Nicholas W. Woodfield at a rate of $350.00 per hour; associate time at a rate of $205.00 per hour, and legal assistant time at a rate of $120.00 per hour. ELG asserts that its adjusted rates are equivalent to those that are customarily charged in the Norfolk legal market. However, the Court finds that ELG's rates are high compared to similarly situated attorneys in the Norfolk legal market. The Court has considered the declarations of Harris D. Butler, III, Lisa A. Bertini, as well as David Simonsen, James Shoemaker, and Kevin Martingayle in coming to this conclusion. After examining the affidavits submitted by the parties and reviewing the hourly rates for attorneys and legal assistants with comparable experience, the Court determines that Plaintiffs' rates are excessive for this market. Accordingly, the Court reduces Plaintiffs' rates as follows: attorney time for R. Scott Oswald at a rate of $295.00 per hour; attorney time for Nicholas W. Woodfield at a rate of $295.00 per hour; associate time at a rate of $175.00 per hour, and legal assistant time at a rate of $110.00 per hour.

## C. Preclusion of Other Employment Due to Acceptance of the Case

*Johnson* factor four concerns the preclusion of other employment by the attorney because of the case at hand. *Daly*, 790 F.2d at 1075 n.2. The Court notes the significant amount of time required to prepare and try the instant case. ELG routinely declines fifty to seventy five offers of

employment each week. (Woodfield Decl., at 7, ¶ 26.) If the firm had not expended its time and resources on this case, it would have devoted its time and resources to other cases and compensable work, the majority of which would have paid full hourly rates. (Woodfield Decl., at 7, ¶ 26.) ELG has forgone the opportunity to perform other work for clients that would have paid its full hourly rates for its employees' time. (Woodfield Decl., at 7, ¶ 26.)

### D. Time Limitations Imposed by Client or Circumstances

*Johnson* factor seven focuses on the time limitations imposed by the client or the circumstances. *Daly*, 790 F.2d at 1075 n.2. The Court finds that there were significant time limitations imposed by the circumstances. As stated previously, because Defendant did not record the hours that employees worked, ELG thoroughly analyzed Defendant's FLSA classifications and examined voluminous daily parking and attendance records to determine the amount of overtime compensation due. (Woodfield Decl., at 8, ¶ 28.)

### E. Amount Involved and Results Obtained

*Johnson* factor eight focuses on the amount involved and the results obtained. *Daly*, 790 F.2d at 1075 n.2. The Supreme Court has stated that, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. Defendant asserts that ELG's attorney's fees bear no relation whatsoever to the amount in controversy. Defendant argues that where $28,000 is a best case recovery based on governing circuit precedent, an expenditure of over $160,000 is inappropriate. Defendant argues that Plaintiffs' results dictate a significant fee reduction. Defendant cites *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795 (5th Cir. 2006), for the proposition that a low settlement award coupled with other factors is more than sufficient to justify a large fee reduction. Here, Defendant argues, a significant fee reduction is warranted

based not only on the Plaintiffs' lack of success in relation to their settlement demand, but also because Plaintiffs did not obtain an award of one-and-one-half time damages rather than half-time. ELG argues that Plaintiffs did in fact succeed in this case and that ELG prosecuted, while Defendant vigorously defended, seven individual FLSA claims in this matter. Also, ELG asserts that courts should not place undue emphasis on the amount of plaintiffs' recoveries because an award of attorney fees encourages the vindication of congressionally identified policies and rights. After a thorough examination of the parties' affidavits, the Court finds that ELG zealously advocated Plaintiffs and did not exercise poor billing judgment. In addition, the Court finds that the award of attorney fees encourages the vindication of employees' rights and notes that a substantial reduction based on the amount of damages awarded to plaintiffs would serve as an incredible disincentive for attorneys to accept FLSA cases.

### F. "Undesirability" of the Case

*Johnson* factor ten focuses on the "undesirability" of the case. *Daly*, 790 F.2d at 1075 n.2. ELG asserts that Defendant is a large entity with significant resources and that it was represented by Kaufman & Canoles, P.C., one of the preeminent law firms in Norfolk. (Woodfield Decl., at 10, ¶ 31.) ELG also asserts that success was in no way guaranteed and that Plainttiffs' claims were quite undesirable in the legal community. (Woodfield Decl., at 10, ¶31.)

### G. Nature and Length of Professional Relationship with Client

*Johnson* factor eleven focuses on the nature and length of the professional relationship with Plaintiffs. *Daly*, 790 F.2d at 1075 n.2. ELG has represented Plaintiffs in this case from the time they opted in to the case until the present. (Woodfield Decl., at 10, ¶ 32.) Because typical wage nonpayment clients only suffer actionable injury once, ELG does not anticipate that it will perform any more work on Plaintiffs' behalf after the litigation is resolved. (Woodfield Decl., at 10, ¶ 32.)

### H. Awards in Similar Cases

*Johnson* factor twelve focuses on attorney awards in similar cases. ELG asserts that the fee awards for multiple employee representative action cases are similar to the fees and costs in this action. (Woodfield Decl., at 10, ¶ 33.) In 2004, ELG received fees and costs of $175,000.00 in a pretrial settlement of a FLSA representative action in the Eastern District of Virginia. (Woodfield Decl., at 10, ¶ 33.) Defendant emphasizes that the results dictate a significant fee reduction in this case because of Plaintiffs' lack of success in relation to their initial settlement demand and because Plaintiffs did not obtain an award of one-and-one-half time damages rather than half-time. *See Saizan*, 448 F.3d at 795. However, the Court finds it relevant that the purpose of the FLSA attorney fee provision is "to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994). Moreover, many courts have awarded large awards of attorney's fees after a vindication of plaintiff's rights through relatively small recoveries. *See e.g., Rivera v. Riverside*, 763 F.2d 1580, 1581-83 (9th Cir. 1985) (awarding $245,456.25 in fees for obtaining a $33,350.00 judgment); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)

(en banc) (awarding $160,000 in fees for obtaining a $33,000 judgment); *Morris v. Eversley*, 343 F. Supp. 2d 234, 248 (S.D.N.Y. 2004) (awarding reasonable attorneys' fees of $154,900 where plaintiff was awarded $16,000 in compensatory and punitive damages). In order to vindicate congressionally identified policies and rights, the Court does not place undue emphasis on the amount of plaintiff's recovery. *See Fegley*, 19 F.3d at 1134-35.

## I. Plaintiffs' Costs

Defendant additionally contests ELG's costs and asserts that the cost requests fail to comply with this Court's Local Rule 54 (D) which requires plaintiffs to "distinctly set forth each item thereof so that the nature of the charge can be readily understood." Local Rule 54(D)(1). Defendant claims that ELG has failed to provide specificity and documentation.

In the Eastern District of Virginia, the party entitled to costs shall file a bill of costs as provided in 28 U.S.C. §§ 1920 and 1924. E.D. Va. Local Rule 54(D)(1). Moreover, "such bill of costs shall distinctly set forth each item thereof so that the nature of the charge can be readily understood. An itemization and documentation for requested costs in all categories shall be attached to the cost bill. Costs will be disallowed if proper documentation is not provided." *Id.* The Court finds that ELG has failed to comply with Local Rule 54(D)(1) because it has not submitted documentation supporting the requested costs and it has not "distinctly set forth" the nature of the every cost submitted to the Court. Moreover, many of the costs submitted by ELG would not be permitted even if ELG submitted supporting documentation. Accordingly, the Court denies ELG's request for costs.

11

## J. Plaintiffs' Request For Attorney's Fees Does Not "Shock the Conscience"

Defendant argues that ELG's petition "shocks the conscience" and that the requested attorneys' fees and costs should be denied. Defendant urges the Court to reject the petition for attorney's fees because the demand is disproportionate to Plaintiffs' potential and actual recovery and because it (1) demonstrates an utter lack of billing judgment, (2) seeks rates substantially in excess of what is appropriate in this market, and (3) ignores virtually all costs recovery procedure and law.

The amount of the attorney's fees is within the sound discretion of the trial court. *See VanDyke v. Bluefield Gas Co.*, 210 F.2d 620, 622 (4th Cir. 1954). The Court finds that the attorneys' fees and costs do not "shock the conscience" and declines to wholly reject ELG's request for attorneys fees and costs. However, after examining the affidavits submitted by the parties and reviewing the hourly rates for similarly situated attorneys and assistants with comparable experience, the Court determines that Plaintiffs' rates are excessive for this market. Therefore, the Court adjusts the hourly rates as stated above. This award is based on the reasonable hours expended of 740.4 hours multiplied by the adjusted hourly rates found by the Court. Plaintiffs have also failed to provide specificity and documentation for their costs pursuant to Local Rule 54(D) and the Court declines to award costs in this case. Therefore, the Court awards a sum of $139,668.00 in attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Attorney's Fees and Costs. Plaintiff is awarded attorney's fees of $139,668.00. Plaintiff's costs are denied.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 8, 2008